the aside by the court in this instance constitute a suggestion that the jury need not consider the parking ticket as evidence or that the jury's decision will not be final.

The evidence on both counts was sufficient to support conviction. It was for the jury to determine whether it accepted defendant's explanation of his possession of the recently stolen automobiles.

The contention that the court erred in charging the jury is without merit.

Affirmed.

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Henry Grady WHITEHEAD, Sr., Armel Dayton O'Neal and Lamarr C. Bailey, Defendants-Appellants.**

No. 29498.

United States Court of Appeals, Fifth Circuit. Feb. 4, 1971.

Rehearing Denied March 1, 1971.

Certiorari Denied May 17, 1971. See 91 S.Ct. 1667.

C. O. McMillan, Stephenville, Tex., for Whitehead and O'Neal.

1. See NLRB v. Amalgamated Clothing Workers of America, 5th Cir. 1970, 430 F.2d 966.

Lamarr Carlysle Bailey, pro se.

W. E. Smith, Asst. U. S. Atty., Eldon B. Mahon, U. S. Atty., Frank C. McCown, Asst. U. S. Attys., Fort Worth, Tex., for appellee.

Before JONES, BELL and SIMPSON, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

**Nick GRAPHIA, Plaintiff-Appellant,**

v.

**TYLOK SOUTHERN, INC., et al., Defendants-Appellees.**

No. 30144

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit. Feb. 8, 1971.

Brumfield & Brumfield, H. Alva Brumfield, Sylvia Roberts, Baton Rouge, La., for plaintiff-appellant.

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

. Taylor, Porter, Brooks & Phillips by Frank M. Coates, Jr., Baton Rouge, La., for defendants-appellees.

Before GEWIN, GOLDBERG, and DYER, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

**Oscar Leon WILKES, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 30599
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 4, 1971.

Oscar L. Wilkes, pro se.

Aaron K. Bowden, Asst. U. S. Atty., John L. Briggs, U. S. Atty., Middle District of Florida, Jacksonville, Fla., for appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's denial of the appellant's motion to vacate judgment and sentence pursuant to 28 U.S.C. § 2255. We affirm the ruling below.

The appellant pleaded guilty to the crimes of interstate transportation of counterfeit securities and interstate transportation of counterfeiting tools, both violations of 18 U.S.C. § 2314; and he was sentenced on November 1, 1963, to serve two consecutive five-year sentences. He now contends that he was subjected to double jeopardy on the ground that the simultaneous transportation of the counterfeited securities, and the tools used in counterfeiting those same securities, constitutes a single offense for which only one sentence legally can be imposed.

The double jeopardy allegation is without merit as the two counts clearly required different proof. Hattaway v. United States, 5 Cir. 1968, 399 F.2d 431.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F.2d 966.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.